UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAFAEL ALMONTES,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:10cv172 (SRU)

### RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Rafael Almontes, appearing *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  On March 9, 2006, Almontes waived indictment and pled guilty to a two-count substitute information charging him with conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), & 846, and with possession of a firearm in furtherance of drug-trafficking offense, in violation of 18 U.S.C. § 924(c).  Waiver of Indictment (3:05cr58 (SRU), doc. # 477); Plea Agreement at 1 (3:05cr58 (SRU), doc. # 480).  Almontes was subject to a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B), and a consecutive 5-year mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(i); he faced a sentencing range of 322 to 387 months' imprisonment under the United States Sentencing Guidelines.  Almontes was sentenced on October 2, 2006, and judgment entered the following day.  The court imposed a non-guidelines sentence of 262 months' imprisonment: 202 months for the conspiracy count, and 60 months for the gun possession count, to run consecutively.  Judgment (3:05cr58 (SRU), doc. # 815).

Almontes appealed his sentence, and the Court of Appeals affirmed the judgment on

---

[1] Almontes is sometimes referred to as Rafael Almonte in filings in his underlying criminal case, docket number 3:05cr58 (SRU).  For the sake of consistency, I will refer to him as Almontes, the name provided on this case caption.

February 29, 2008.  *United States v. Almontes*, 267 F. App'x 99 (2d Cir. 2008) (unpublished summary order).  Almontes did not file a petition for writ of certiorari from the United States Supreme Court, and his conviction became final on May 30, 2008, "when the ninety-day period to seek direct review from the United States Supreme Court by way of certiorari expired." *Valverde v. Stinson*, 224 F.3d 129, 132 (2d Cir. 2000).  Almontes filed his petition for habeas corpus on February 3, 2010.

Almontes's petition raises a single claim: that, under *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), *abrogated by Abbott v. United States*, 131 S. Ct. 18 (2010), he should not have received the consecutive 60-month sentence of imprisonment for his gun possession conviction.  In *Williams*, the Second Circuit interpreted the "except" clause in 18 U.S.C. § 924(c) to mean that the statute's consecutive mandatory minimum penalties are "inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense."[2]  558

---

[2] 18 U.S.C. § 924(c) provides in relevant part and with emphasis supplied:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

F.3d at 168.  Almontes argues he is precisely the type of defendant who should benefit from *Williams*: he was sentenced to a consecutive mandatory minimum term of imprisonment under section 924(c), despite having pled guilty to another drug-trafficking count carrying a greater mandatory minimum sentence.  The government responds that Almontes's petition is untimely and, even if the court were to address the merits of Almontes's claim, *Williams* is not retroactive and Almontes is not entitled to post-conviction relief.

Under section 2255, the deadline for Almontes's petition was May 30, 2009.  *See* 28 U.S.C. § 2255)(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. That limitation shall run from . . . the date on which the judgment of conviction becomes final."). Although his petition would appear to be time-barred, Almontes argues that the limitation period should be equitably tolled because, allegedly, neither his attorney nor the Court of Appeals notified him that his judgment had been affirmed.  "Equitable relief such as tolling may be awarded in the court's discretion only upon consideration of all the facts and circumstances. . . . To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll."  *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (quotations omitted).  Almontes claims that his attorney failed to inform Almontes that he had filed an *Anders* brief and a motion to withdraw as counsel, and Almontes did not thereafter begin receiving updates regarding his case from the court. Accordingly, Almontes continued to believe that he was represented by counsel and that his appeal remained pending.  Almontes further asserts that he only became aware of the disposition of his appeal after he gained access to a newly-installed "computer system" in his prison, which permitted him to perform "legal research to be conducted from Nexis Lexis [*sic*]" that he was

previously unable to conduct.  Mem. of Law at 2 (doc. # 1).

Almontes presents a colorable claim that he is entitled to equitable tolling, insofar as he suggests that his attorney's actions were "sufficiently egregious" to amount to the kind of "'extraordinary circumstances' that would justify the application of equitable tolling to the one-years limitations period of [section 2255]." *Baldayaque*, 338 F.3d at 152-53.  Nevertheless, the court declines to hold a hearing on the matter because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The parties submitted their briefing before the United States Supreme Court decided *Abbott v. United States*, 131 S. Ct. 18 (2010), and therefore both Almontes and the government assumed the decision was valid.  *Abbott* abrogated *Williams*, however, and now requires the court to deny Almontes's petition on the merits.

The *Abbott* Court specifically held that "a defendant is subject to the mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction, . . .unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." 131 S. Ct. at 23.  *Williams*'s abrogation has since been recognized by the Court of Appeals.  *United States v. Tejada*, 631 F.3d 614, 619 (2d Cir. 2011).  Almontes's conviction on the count of conspiracy to possess with intent to distribute cocaine is not conduct proscribed by section 924(c).  Therefore, in accordance with *Abbott* and *Tejada*, he is not entitled to the relief he seeks.  His consecutive sentence of 60 months' imprisonment was appropriate — indeed, mandated by section 924(c).

Even if the court were to equitably toll the one-year statute of limitations, Almontes would not be entitled to the relief he seeks because, following *Abbott*, *Williams* is no longer good

law.  The motion to vacate, set aside, or correct Almontes's sentence (doc. # 1) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 20th day of August 2012.

/s/ Stefan R. Underhill  
Stefan R. Underhill  
United States District Judge